GILLETTE v. SENDELBACH et al.

(Circuit Court of Appeals, Seventh Circuit.   April 10, 1906.)

No. 1,216.

1. PATENTS—SUIT TO COMPEL ISSUANCE—SUFFICIENCY OF EVIDENCE.

Where the question which of two applicants for a patent for the same invention was the true inventor depends on questions of fact, the court, in an action brought under Rev. St. § 4915 [U. S. Comp. St. 1901, p. 3392], by the unsuccessful applicant to compel an issuance of the patent to him, must be very clearly satisfied that the decision of the Patent Office tribunals between the two was erroneous before it will be justified in reversing the same.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 162-166.]

2. SAME—HUB CENTERS.

Complainant held, under the evidence, not entitled to the issuance to him as the true inventor of a patent for the subject-matter of claims 1 and 2 of the Sendelbach patent, No. 651,276, for a wooden center for a hub.

Appeal from the Circuit Court of the United States for the District of Indiana.

Fred L. Chappell and Thos. A. Banning, for appellant.
Melville E. Church, for appellees.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge.   Sendelbach, on an application filed March 9, 1900, received patent No. 651,276, June 5, 1900, containing these claims:

"1. As a new article of manufacture, a wooden center for a hub, consisting of a short cylindrical block having ends lying in planes at right angles with its axis, radial mortises for the spoke tenons, a central longitudinal bore, and metallic bands encircling it at its ends, said bands lying entirely outside the line of the spoke mortises.

"2. The combination with a wooden center having radial mortises and flat ends lying in planes at right angles with the axis of the hub, of a metallic box provided with a collar fitting against one end of said center, a metallic sleeve surrounding said box and having a flange fitting against the other end of said center, means for clamping the said parts together, lengthwise, and spokes inserted into the mortises in said center and sustained against lateral pressure by the wooden center only."

Gillette, on January 3, 1901, filed an application which contained, among others, the two claims above recited. The examiner of interferences decided that Sendelbach was the inventor of the subject-matters in issue. That decision was affirmed by the examiners in chief, reversed by the Commissioner, and finally affirmed by the Court of Appeals for the District of Columbia on June 2, 1903.

Afterwards Gillette began this suit, under section 4915 Rev. St. [U. S. Comp. St. 1901, p. 3392], to obtain a decree adjudging that he was the inventor of the subject-matters in controversy and directing that a patent be issued to him; and he prosecutes this appeal from a decree dismissing his bill for want of equity.

Whether the original conception was Gillette's, whether he disclosed it adequately to Sendelbach, whether Sendelbach was charge-

able as Gillette's agent in embodying the conception in the forms of the two claims, were questions of fact presented to the Patent Office tribunals on virtually the same evidence that is now adduced. To justify us in directing the issuance of a patent to Gillette, we should be shown very clearly that the adverse findings are erroneous. Our study of the record has not convinced us that such is the fact; and we deem it unprofitable to review the ground covered by the decision of the Court of Appeals for the District of Columbia, because we are far from being persuaded that invention was involved in what Gillette actually did. He had devised a roller bearing for use in lumber carts. The wheels shown (patent No. 644,550, February 27, 1900) were made of three thicknesses of plank. The flanged metal boxing of the bearing was bolted snugly to the planks. Then he took a cart wheel of the usual spoke and hub pattern, sawed off the ends of the hub that protruded beyond the thickness of the planks, and attached his roller bearing. Passing the question whether this involved the subject-matters of the two claims, we think that Gillette, in shortening the hub to receive the bearing, did only the obvious.

The decree is affirmed.